Mr. Justice Tkotteb.
delivered the opinion of the court.
The plaintiff in error was indicted in the circuit court of the county of Marshall for larceny. The indictment contains four counts. The first charges the stealing, &c. of one promissory note on McEwen, King & Co. 'for the payment of fifty dollars. The second is for stealing five promissory notes on the Mississippi and Alabama Rail Road Company, going on to describe, their denominations and value. The other counts, in like manner, charge the stealing of promissory notes, but do not state that they were promissory notes for the payment of money. All the notes are alledged to be the property of Gideon Blythe and Benjamin Blythe. The jury found a verdict of guilty against the prisoner, and assessed the value of the property at sixty dollars. The offence is laid in each, count of the indictment to have been committed on the 1st day of September, 183.9. Two bills of exceptions were taken, and appear upon the record. One of these bills recites that the prisoner moved the court to exclude from the jury all the evidence on the part of the prosecution, on the ground which is recited, that it appeared from this-evidence that the of-fence was committed anterior to the time when the'act of 1839, upon the subject of crimes and punishments and the penitentiary went into operation. The court 'refused do allow the motion. The prisoner then moved for a new trial and in arrest of judgment on the grounds contained in the first bill of exceptions, and also because as it was alledged the act of 1839 which changed the law of 1822, operated as a pardon of the offence. The court overruled both motions.
Several errors have been assigned, but it is not deemed necessary to notice any except the following, .the others having been disposed of in the opinion given by this court during the present term in the case of Greeson v. The State. ,'
1st. The court erred it is said in refusing to exclude the evidence on the ground stated in the bill of exceptions. 2d. The court erred in overruling the motion in arrest of judgment; and, 3d. In not deciding that the act of 1839 operates as a statutory pardon.
*18 1st. It is said the court should have rejected the evidence. Taking it for granted as assumed by the prisoner, that the evidence objected to established the commission of the offence before the time at which the act of 1839 went into operation, it yet by no means follows, that the evidence should have been excluded. The time laid in the indictment is not material and does not confine the proof within the limits of that period. The indictment was satisfied by proof of the offence at any anterior day. This is well settled, and it is not necessary to refer to authorities to sustain it. The court had nothing to do with the act of 1822 or that of 1839, in deciding upon this motion. The proof was equally competent whether the act of 1839 or the act of IS22 was the law under which the defendant was to be punished, if found guilty. It is true that if the act of 1839 had repealed that of 1822, the defendant might have claimed the benefit of the statutory pardon. But the act of 1839 expressly guards against that consequence by providing that it shall not affect any cases subject to punishment under the act of 1822, or any former law. The only question then for the court was whether the proof tended to establish the guilt of the prisoner as stated in the bill of indictment, and if so, it could not be excluded. The effect of a verdict of guilty, was another question. But we cannot notice the objection, for the reason that the evidence which went to the jury is not stated in the record. It is true that the bill of exceptions refers to some extrinsic paper or document, which, is said to be marked B, and to be considered as a part of the bill of exceptions. But what that document is, we do not know; for in looking through the record we find no document which has such a mark, or is otherwise identified. It is true there is in the subsequent history of the cause, a document which appears, to be an exemplification of the warrant of arrest, and of the depositions taken before the justice of the peace. But this document has no mark of identity with the one referred to by the judge in the bill of exceptions. And we cannot presume that this was the paper or document referred to, because it was not competent evidence before the jury. The depositions taken before the magistrate are not evidence on the trial in the circuit court. We cannot, therefore, presume that it was the instrument of evidence indicated in *19 the bill by the letter B. This case fully illustrates the policy of the rule which excludes from the consideration of the court matter of exception so loosely presented. The bill of exceptions must contain the matter of exception, and this court has so repeatedly held, Berry v. Hale, 1 Howard, 318. See Cox’s Dig. 104. The judge has not certified to this court what the evidence was — and it is by his certificate alone that we can learn it. There is a certain method of communication between an appellate and an inferior tribunal. The evidence which formed the subject of the motion now under consideration has not been made known to us in any of the modes recognized by law — we cannot, therefore, notice it. 2. This view of the subject is a sufficient answer to the other assignments of error. Because it leaves us with no criterion by which to determine, save the bill of indictment and the verdict of the jury. The law requires us to presume that the verdict was fully sustained by the proof. How does the question then stand? The verdict finds the defendant guilty of the larcenies charged in the indictment, which are there charged to have been committed on the 1st day of September, 1839, and finds the value of the property stolen to be sixty dollars. What is the judgment of the law on these facts ? This question is easily answered. The 63d section of the act of 1839, “ to amend the acts of this state concerning crimes and punishments and the penitentiary,” provides that any person who shall be convicted of the feloniously taking and carrying away the personal property of another of the value of more than twenty-five dollars, shall be adjudged guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five years. The judgment of the court below must therefore be reversed, and rendered here in pursuance of this opinion, that the prisoner be confined in the penitentiary of this state for the term of one year as the law directs.