## ANONYMOUS.

*Held*, An affidavit to entitle a person to an attachment under § 3670, *Com. Laws*, in insufficien to authorize the issue of the writ, in which deponent swore, "he believed the defendant was about to abscond," &c.

A bond for an attachment in a Justice's Court, which has but one surety is irregular, merely and may be amended.

A motion to quash proceedings should state tersely and definitely the grounds of error relied upon.

*Berrien Circuit*, 1871.

**Attachment suit commenced before a Justice.**

*By the Court*, BLACKMAN, J:—This case comes here on special appeal from Justice's Court.

Proceedings were commenced by attachment. The affidavit stated, "Deponent believes defendant is about to abscond," &c.

By *C. L.*, § 3670, the deponent must swear that he " knows, or has good reason to believe," &c. This requires deponent to depose as to facts and belief. Where deponent may swear to good reasons, he must also depose that he believes them. See *Stevenson vs. Robbins*, 5 *Mis.*, 18 ; *Drake on Attachment*, § 106.

For these reasons the affidavit is a nullity, and the Justice acquired no jurisdiction. The bond had but one surety. This bond is irregular, but the defect is not jurisdictional and may be amended. The justice held otherwise, which is error.

The writ must be quashed with costs.

I can not let this occasion pass without noticing a defect which is bad practice The motion in this case does not specifically point out the errors, and if the objections had not been fundamental I might perhaps have felt it my duty to hold the motion insufficient, because indefinite. The reasons why an affidavit is void should be stated tersely and definitely. so that no oral additions are necessary to know what the mover finds fault with. It seems the errors were pointed out to the Justice, who disregarded them.